UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER GOUCH,

    Petitioner,

v.                                   CASE NO. 07-13487
                                    HONORABLE NANCY G. EDMUNDS

C. EICHENLAUB,

    Respondent.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Petitioner Sylvester Gouch is an inmate at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241. The habeas petition alleges that the Federal Bureau of Prisons prohibits placement of an inmate in a community corrections center, or halfway house, unless the inmate is serving the final six months of his sentence. Petitioner contends that this policy conflicts with a congressional directive to apply the factors enumerated in 18 U.S.C. § 3621(b) on a case-by-case basis.[1]

---

[1] Section 3621(b) of Title 18, United States Code, requires the Bureau of Prisons to consider the following factors when designating the place for a federal inmate's imprisonment:

    **(1)** the resources of the facility contemplated;
    **(2)** the nature and circumstances of the offense;
    **(3)** the history and characteristics of the prisoner;
    **(4)** any statement by the court that imposed the sentence--
        **(A)** concerning the purposes for which the sentence to
        imprisonment was determined to be warranted; or
        **(B)** recommending a type of penal or correctional facility as
        appropriate; and
    **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant

Petitioner wants the Court to order the Bureau of Prisons to immediately consider him for community confinement and to do so without reference to 28 C.F.R. §§ 570.20 and 570.21, which have been invalidated by a number of federal courts. Respondent urges the Court in a Response to the Habeas Petition to dismiss the Habeas Petition as premature and for failure to exhaust administrative remedies.

## II. Discussion

### A. Exhaustion of Administrative Remedies

The doctrine of exhaustion of administrative remedies "provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006). Thus, "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Id.* at 231.

Exhaustion of administrative remedies "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Courts may excuse the exhaustion requirement when "the interests of the individual weigh heavily against requiring administrative exhaustion." *Id.* at 146.

The Bureau of Prisons maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). The administrative remedy procedures require prisoners to submit a request for administrative remedy to the prisoner's warden, to the Regional Director for the Bureau of

---

to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Prisons, and to General Counsel for the Bureau of Prisons. *See* 28 C.F.R. §§ 542.13-15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner did not pursue any administrative remedies for his claim about community placement. Although he contends that it would be futile to do so, the rationale for requiring exhaustion is greatest when, as here, the parties are expected to develop the issues in an adversarial administrative proceeding. *Sims v. Apfel*, 530 U.S. 103, 110 (2000). Frequent and deliberate flouting of the administrative process could weaken the Bureau's effectiveness by encouraging disregard of its procedures. *McCarthy*, 503 U.S. at 145. The Court therefore concludes that the policy considerations underlying the exhaustion doctrine require exhaustion of administrative remedies in this case.

**B. Ripeness**

Article III, § 2, of the United States Constitution provides federal courts with jurisdiction only over "cases" and "controversies." The Court is "obliged under Article III to limit its jurisdiction to ripe cases [in order] to avoid issuing advisory opinions based upon hypothetical situations." *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995). "Ripeness focuses on the timing of the action . . . ." *People Rights Organization, Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998). "[A] case is ripe for review only if the probability of the future event occurring is substantial and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quotation marks and end citations omitted).

Petitioner has not requested placement in a community corrections center, and the Bureau of Prisons is not expected to make a decision on Petitioner's eligibility for community placement

3

until approximately one year before his projected release date of October 24, 2011. Petitioner concedes that he is not entitled to relief before the final six months of his sentence. The probability of an adverse decision by the Bureau of Prisons on the issue of community placement is not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Furthermore, there is a possibility that the issues will become moot by the time Petitioner is eligible for placement in a community corrections center, because the same issues are under consideration by the United States Court of Appeals for the Sixth Circuit. *See Holloway v. Marberry,* No. 07-2040 (6th Cir. Aug. 24, 2007).

### III. Conclusion

Petitioner's claims are not ripe for review, and he has not exhausted administrative remedies with the Bureau of Prisons. Accordingly, the habeas corpus petition is DISMISSED without prejudice.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 15, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager